# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EVERETT HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-360 RLW |
| ) | |
| MISSOURI DEPARTMENT OF MENTAL ) | |
| HEALTH EMPLOYEES:, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Everett Henderson's motions for leave to proceed in the District Court without prepayment of fees and costs. Based on the financial information submitted in support, the motions will be granted. After review of plaintiff's pleadings, the Court will require plaintiff to file an amended complaint on a Court-provided form.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**Background**

Plaintiff Everett Henderson is currently confined at the St. Louis Psychiatric Rehabilitation Center ("SLPRC") in St. Louis, Missouri, pursuant to a plea of Not Guilty by Reason of Mental Disease or Defect ("NGRI"). *See State v. Henderson*, No. 22051-03201 (22nd Jud. Cir., State of Mo). On September 24, 2005, a criminal complaint was issued charging plaintiff with fourteen (14) counts, including: (1) 1st degree assault of a law enforcement officer; (2) two counts of armed criminal action; (3) 2nd degree assault on a law enforcement officer; (4) two counts of kidnapping; (5) five counts of unlawful use of a weapon (exhibiting); (6) resisting arrest; (7) violating an order of protection; and (8) assault in the first degree. The presiding criminal judge requested a mental examination in the case on October 11, 2005. A grand jury indictment was returned on November 9, 2005, with the same fourteen (14) counts as in the complaint.

On or about October 11, 2005, plaintiff, through counsel, filed a notice of NGRI. In the Court's pretrial psychiatric examination dated July 17, 2006, filed by Dr. Richard Scott, plaintiff was diagnosed as having Bi-Polar Disorder I, Manic, with Psychotic Features. On April 5, 2006, Dr. Scott examined plaintiff pursuant to Missouri Revised Statutes Chapter 552, and found plaintiff was incapable of appreciating the nature, quality, or wrongfulness of his conduct, or conforming his conduct to the requirements of the law at the time of the incident which led to the pending charges. On June 12, 2006, based on the report, the state court judge reassigned the matter to Division 25 for further proceedings. *See State v. Henderson*, No. 22051-03201. On June 23, 2006, plaintiff entered a plea of not guilty by reason of insanity and the matter was set for a commitment

2

hearing on July 6, 2006. *See, e.g.,* Petitioner's Brief in *Henderson v. Javois*, No 2022-CC00485 (22nd Jud. Cir., State of Mo.).

On July 19, 2006, a petition for appointment of guardian and conservatorship was filed on plaintiff's behalf. *See In re Henderson*, No. 0622-PR00747 (22nd Jud. Cir., State of Mo.). The matter was voluntarily dismissed on June 19, 2007. *Id.*

On February 14, 2020, plaintiff, through counsel, filed a state application for writ of habeas corpus in the Circuit Court for the City of St. Louis seeking release from custody. *Henderson v. Javois*, No 2022-CC00485 (22nd Jud. Cir., State of Mo.). In his application for writ, petitioner asserts that his NGRI plea was void due to a failure by counsel to adhere to a notice that a defendant has no other defenses to be filed. Thus, plaintiff argues he was denied effective assistance of counsel at trial. *Id.* The matter was taken under submission by the state court on April 7, 2022.

## The Pleadings

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against eighteen (18) individual defendants, including Doe defendants, and possibly the Missouri Department of Mental Health.[1] Plaintiff has filed two separate documents with the Court which appear to be pleadings. The first document is titled "Prisoner Civil Rights Complaint Form" and is ten (10) typewritten pages (ECF No. 1 at 1-10). The second document is titled "Complaint" and is thirty-one (31) typewritten pages (ECF No. 1 at 11-27). Neither complaint is on a Court-provided form as required by Eastern District of Missouri Local Rule 2.06.

---

[1] The caption of plaintiff's "Prisoner Civil Rights Complaint Form" begins with "Missouri Department of Mental Health Employees:" and then lists the names of the individual defendants. The body of the complaint does not name the Missouri Department of Mental Health ("MDMH") as a defendant, however, or assert any facts concerning it. As a result, it is unclear if plaintiff intended to name the MDMH as a defendant or merely intended to indicate that all of the defendants are or were MDMH employees. If plaintiff does not intend to sue the Missouri Department of Mental Health, he should not list it in the caption of his amended complaint. If he does intend to sue the MDMH, he must list it as a party in the complaint, see Fed. R. Civ. P. 10(a), and set forth factual allegations concerning it in the body of the complaint.

3

**A. Prisoner Civil Rights Complaint Form**

Plaintiff states in his "Prisoner Civil Rights Complaint Form" that he was forcibly medicated in February of 2011 "within days of [his] arrival" at SLPRC. He alleges that the actions of the Missouri Department of Mental Health and the eighteen (18) doctors, nurses, and mental health professionals named in the complaint violated both the U. S. Constitution and Missouri Department of Mental Health regulation (DOR) 4.152 by forcibly medicating him. The allegations in plaintiff's "Prisoner Civil Rights Complaint Form" relate to dates of involuntary medication between February of 2011 and November 2015.[2] Plaintiff also alleges that his legal paperwork was removed from his possession and telephones were taken away to impede him from contacting an attorney. Plaintiff asserts that when he grieved the forced medication incidents his grievances were either not responded to at all, or were not responded to in a timely manner.

In addition, plaintiff's "Prisoner Civil Rights Complaint Form" asserts that in October of 2015, plaintiff had an altercation with an SLPRC employee, Onterio Sheppard. Plaintiff states that he was falsely accused of punching Sheppard and, as a result, charge nurse James Hanson called an "all available," which led to plaintiff being tied down with ankle and wrist cuffs and forcibly injected with psychotropic drugs that "left him disoriented for almost a week." (ECF No. 1 at 6.)

Plaintiff claims that after the incident with Sheppard, he contested being given the drug Haldol; however, Dr. Hayreh, the acting psychiatrist, wrote to plaintiff on October 13, 2015, stating:

> I do not believe, even with treatment team backing, that you have a realistic chance of earning discharge without verifiably taking some form of mood stabilizing medicine … I could decide not to force medication upon you. If we did so, this would all but guarantee that you would never earn discharge from SLPRC.

---

[2]Regarding the forced medication incidents in 2011, plaintiff states that he appealed the decision to forcibly medicate. This appears to indicate that plaintiff was given some sort of due process relating to the forced medication incidents in this time period. Plaintiff will be asked to provide additional facts in his amended complaint concerning any due process he was given regarding the forced medication periods.

(ECF No. 1 at 7.)

Plaintiff interpreted the letter as intimidation to comply with the forced medication. He claims that when the "intimidation" did not work, Dr. Hayreh "colluded" with Amy Ramirez (Psychologist) and Roy Wilson (Psychiatrist) to have requisite two psychiatrists agree to forced drugging in compliance with the language of DOR 4.152. Plaintiff alleges that Ramirez and Wilson were not properly credentialed to provide a second opinion under DOR 4.152, thus, he appealed the decision to forcibly medicate. On November 9, 2015, the Chief Medical Director for Adult Services for the Department of Mental Health wrote on review:

> I received the involuntary medication appeal of Mr. Everett Henderson dated November 6, 2015. I note the three specific issues that were raised in the appeal letter and I am in agreement that the DMH DOR 4.152 procedure for involuntary medication administration was not followed…"[3]

(ECF No. 1 at 7.)

Although the last date listed regarding the forced medication is in 2015, plaintiff states at the end of the "Prisoner Civil Rights Complaint Form" that the "wrongs alleged in the complaint are continuing to occur at the present time." (Id. at 10.)  Plaintiff does not provide any information to supplement this conclusory statement. In other words, he has not provided facts in his "Prisoner Civil Rights Complaint Form" relating to alleged constitutional violations after 2015. Thus, the Court is unable to ascertain exactly what violations are purportedly occurring to plaintiff *at the present time*. For example, although plaintiff indicates in the section marked "Relief" that he could be "forcibly drugged at any time without provocation," the Court is unsure if he is being forcibly medicated at the present time or if he has been forcibly medicated since 2015. Plaintiff should clarify in his amended complaint whether this has occurred since 2015.

---

[3]Plaintiff did not provide the complete letter to the Court.

5

For relief, plaintiff seeks monetary damages in excess of eleven million dollars, an injunction prohibiting the Missouri Department of Mental Health from forcibly medicating him, immediate discharge from confinement, and that the Court "punish" the defendants and revoke the medical licenses of defendants McCoy and Wilson. (ECF No. 1 at 9.)

**B. Complaint**

In plaintiff's "Complaint," he once again asserts that the defendants forcibly medicated him in 2011 at the St. Louis Psychiatric Rehabilitation Center. The first seventy-one (71) paragraphs of the "Complaint" appear to mirror the allegations of the "Prisoner Civil Rights Complaint Form." However, plaintiff has included an additional six (6) pages of "Counts" in the Complaint, including the following claims under 42 U.S.C. § 1983: (1) violation of the Eighth Amendment and the right to be free of bodily intrusion by defendants McCoy, Wilson, Todd, Carter and John/Jane Does in February of 2011 as a result of forced drugging (Count 1); (2) violation of the Eighth Amendment and the right to be free of bodily intrusion by defendants Shepperd, Hanson, Wilson, Hayreh, Ramirez and John/Jane Does in October 2015 as a result of forced drugging (Count II); (3) violation of plaintiff's Fourteenth Amendment substantive and procedural due process rights by defendants McCoy, Wilson, Todd, Carter and John/Jane Does in February of 2011 as a result of forced drugging (Counts III and IV); (4) violation of plaintiff's Fourteenth Amendment substantive and procedural due process rights by defendants Shepperd, Hanson, Wilson, Hayreh, Ramirez and John/Jane Does in October of 2015 as a result of forced drugging (Counts V and VI); (5) violation of plaintiff's Fourteenth Amendment due process rights by defendants Javois and Wilson based on "state created danger of an institutional culture of covering up and using illegal forced druggings" (Count VII); (6) violation of the Eighth Amendment, failure to train employees on constitutional standards regarding forced drugging

6

(Count VIII); (7) defendants Javois and Wilson's constitutionally inadequate policies, procedures, customs. and practices caused plaintiff's injuries, and they failed to protect plaintiff from harm and failed to intervene (Count IX); [4] and (8) violation of plaintiff's 14th Amendment due process right to be released from confinement by defendants Javois and Wilson (Count X).  (ECF No. 1 at 19-24).

In addition to relief under 42 U.S.C. § 1983, plaintiff makes the conclusory statement that he is alleging claims of a violation of a regulation of DOR 4.152, as well as Missouri state law claims of assault, battery, negligence, and medical malpractice, and violation of laws of informed consent. (ECF No. 1 at 24-26).  Plaintiff does not assert specific facts that support any of these claims, or identify the specific defendants he is bringing these claims against.

For relief in this Complaint, plaintiff also seeks monetary damages in excess of eleven million dollars, an injunction prohibiting the Missouri Department of Mental Health from forcibly medicating him, immediate discharge from confinement, and that the Court "punish" the defendants and revoke the medical licenses of defendants McCoy and Wilson.  (ECF No. 1 at 26).

## Discussion

As set forth above, there are deficiencies in plaintiff's pleadings which require that he file an amended complaint on a Court-provided form. First, plaintiff has filed two separate pleadings that are overly long, are not on a Court form, are at times duplicative of each other, and which cause confusion in these proceedings.  Plaintiff will be required to consolidate his claims into one Court-provided amended complaint form.

Second, the Court has concerns about the numerosity of plaintiff's claims in one lawsuit. As currently pled, plaintiff is attempting to bring claims against eighteen defendants relating to

---

[4]Plaintiff has not brought any claims in his complaint against defendants in their official capacities. As currently pled, all claims are currently against defendants in their individual capacities only.

two separate and distinct events that occurred four years apart, in 2011 and 2015. Thus, it appears that plaintiff is attempting to assert multiple unrelated claims against more than one defendant, which is an impermissible pleading practice. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 20(a)(2), Fed. R. Civ. P.  Under this rule, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of *different transactions or occurrences*.

Because plaintiff's 2011 occurrence involve separate transactions against different defendants than his 2015 occurrence, the two events must be addressed in separate lawsuits.[5] Accordingly, plaintiff may bring his allegations relating only to the 2011 events in the present

---

[5]There is a five-year statute of limitations for asserting claims under 42 U.S.C. § 1983. *Sulik v. Taney Cnty., Mo.,* 393 F.3d 765, 767 (8th Cir. 2005); *see Bell v. Missouri,* 253 F. App'x. 606 (8th Cir. 2007) (unpublished per curiam) (dismissal of prisoners' § 1983 action was proper because the five-year limitations period had expired). Here, plaintiff's claims arise out of actions that occurred in 2015 and before, which is more than five years ago. Nothing in the pleadings indicates that the action is not barred by the statute of limitations, such that if any amended complaint survives initial review, the defendants may bring a motion to dismiss on these grounds. The Court is aware that plaintiff has suffered at times with mental illness. Although plaintiff could assert that his mental incapacity should toll the statute of limitations, he faces a high hurdle when seeking to toll for mental incapacity. *See Jessie v. Potter*, 516 F.3d 709, 714 (8th Cir. 2008). "Tolling is appropriate only if the mental illness actually prevents the plaintiff from understanding his or her legal affairs and from complying with the time limit." *Id.* (citation omitted). "A diagnosis of mental illness is not enough to justify tolling without evidence that the illness actually prevented the plaintiff from complying with the deadline." *Id.* (citing *Dautremont v. Broadlawns Hosp.*, 827 F.2d 291, 296 (8th Cir. 1987) (in action under 42 U.S.C. § 1983, no tolling where the plaintiff was "cognizant of his rights" even though he was a patient in a mental hospital, with a diagnosis of schizophrenia) (further citations omitted)). Under Missouri law, "[A] plaintiff seeking tolling on the ground of mental incapacity must come forward with evidence that a mental condition prevented him from understanding and managing his affairs generally and from complying with the deadline he seeks to toll." *Id.* at 715.

lawsuit. If plaintiff wishes to pursue allegations relating to the 2015 events, he must bring those allegations in a second lawsuit, on a form the Court will provide to him.

Plaintiff is advised that the amended complaint will completely replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or very neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(d)(1). Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). It is important that plaintiff allege facts

9

explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

As stated above, plaintiff should list claims in his "Statement of Claim" that relate to the 2011 events only. If he wishes to bring claims relating to the 2015 events, he may bring those claims in a second lawsuit. The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff must avoid attempting to amend a complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, plaintiff must file a single comprehensive pleading that sets forth his claims for relief.

To meet the procedural requirements of due process in the involuntary administration of antipsychotic drugs to a civilly committed individual, there must be: (1) notice; (2) the right to be present at an adversarial hearing; (3) the right to present witnesses; and (4) the right to cross-examine witnesses. *See Washington v. Harper,* 494 U.S. 210, 235 (1990).[6] *See also Doby v. Hickerson*, 120 F.3d 111, 113 (8th Cir. 1997) (explaining that the "minimal constitutional requirements for satisfying procedural due process when a state involuntarily administers antipsychotics to a prisoner" consist of "an independent decisionmaker as well as for notice, the

---

[6]Although *Harper* concerned forcible medication of a prison inmate, the same factors have been applied to civilly committed individuals who have been forcibly medicated. *See Morgan v. Rabun*, 128 F.3d 694, 696-97 (8th Cir. 1997) (applying *Harper* factors to an individual committed to the Missouri Department of Mental Health).

right to be present at an adversary hearing, and the right to present and cross-examine witnesses"); A judicial hearing is not required, and the hearing may be adjudicated by non-treating medical personnel. *Harper*, 494 U.S. at 231.

Because plaintiff indicates in his pleading that he "appealed" the 2011 decision to forcibly medicate him, the Court requests that plaintiff allege facts concerning the appeal, and attach to his amended complaint all documentation relating to any due process proceedings, hearings, and/or grievances that occurred regarding the decisions and/or appeals to forcibly medicate him in 2011. To the extent plaintiff asserts the defendants acted in violation of a DOR regulation in 2011, he should attach the pertinent regulation to his amended complaint and explain in his amended complaint which defendants violated the regulation and when.

## Motion for Appointment of Counsel

Plaintiff has also filed a motion to appoint counsel. A self-represented litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

At present, the Court cannot determine that plaintiff has stated a non-frivolous claim. Also, at this time there is no indication plaintiff is incapable of representing himself, or that the factual

11

or legal issues are sufficiently complex to justify the appointment of counsel. Because the circumstances may change, the Court will deny the motion for appointment of counsel without prejudice and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed in forma pauperis [ECF Nos. 2 and 3] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff <u>two</u> copies of the Court's prisoner civil rights complaint forms.

**IT IS FURTHER ORDERED** that by **October 3, 2022**, plaintiff must file an amended complaint in accordance with the instructions in this Order. Plaintiff's amended complaint in this Case No. 4:22-CV-360 RLW must be on a Court-provided form and address only the 2011 events discussed in his current pleadings. If plaintiff wishes to bring an action relating to the 2015 events discussed in his current pleadings, he must file a new complaint on a Court-provided form that addresses only the 2015 events, and leave the case number blank on the complaint form as a new case number would be assigned to that case.

**IT IS FURTHER ORDERED** that plaintiff shall attach to his amended complaint, as an exhibit thereto, all documentation relating to any due process proceedings, hearings, and/or grievances that occurred regarding the decisions and/or appeals to forcibly medicate him in 2011, and discuss these in his amended complaint.

**IT IS FURTHER ORDERED** that to the extent plaintiff asserts the defendants were in violation of a DOR regulation in 2011, he should attach a copy of the regulation as an exhibit to his amended complaint, and explain in his amended complaint which defendants violated the regulation and when.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [ECF No. 4] is **DENIED at this time**.

**Plaintiff's failure to timely and fully comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 2nd day of September, 2022.