UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EVERETT HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-360 RLW |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| MENTAL HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. For the reasons explained below, Plaintiff is directed to provide information necessary for service on Defendants Roy Wilson and Douglass McCoy.

In the Complaint, Defendants Wilson and McCoy were alleged to be employees of St. Louis Forensic Treatment Center. Following its review pursuant to 28 U.S.C. § 1915, the Court ordered the Clerk of Court to issue summons for Defendants Wilson and McCoy to be served by the U.S. Marshal's Service at the St. Louis Forensic Treatment Center, 5300 Arsenal Street, St. Louis, Missouri 63139. (ECF No. 8). On July 12, 2023, the U.S. Marshal's Service filed Process Receipts and Returns stating that service was attempted at the location, but Defendants Wilson and McCoy no longer worked there. Defendants Wilson and McCoy's former employer did provide the Court with the two defendants' last known addresses, and the Court directed the Clerk to issue alias summons for Defendants Wilson and McCoy, for service by the U.S. Marshal's Service at the addresses provided.

On November 27, 2023, the United States Marshal's Service filed a Process Receipt and Return stating that three attempts were made to serve Defendant Wilson at the address provided, but the agent was unable to locate Defendant Wilson.  On December 20, 2023, the United States Marshal's Service filed a Process Receipt and Return stating an attempt was made to serve Defendant McCoy at the address provided, but a resident at the home informed the agent that Defendant McCoy was a previous resident and no longer lives at the address.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

At this point, the Court does not have sufficient information to effectuate service on Defendants Wilson and McCoy. Therefore, Plaintiff is directed to provide information where Defendants Wilson and McCoy can be served.  See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993). Plaintiff's failure to timely provide such information will result in the dismissal without prejudice of the claims against Defendants Wilson and McCoy.

Accordingly,

**IT IS HEREBY ORDERED** that on or before **April 19, 2024**, Plaintiff Everett Henderson shall provide information that is adequate to permit service of process on Defendants Roy Wilson and Douglass McCoy.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely provide such information, the Court will dismiss the claims against Defendants Roy Wilson and Douglass McCoy without prejudice. See Rule 4(m), Fed. R. Civ. P.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

Dated this 1st day of April, 2024.