UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EVERETT HENDERSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:22-CV-360 RLW |
| MISSOURI DEPARTMENT OF MENTAL HEALTH, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants James Carter and Carol Kiel's Motion to Dismiss. (ECF No. 30). Plaintiff has filed a response (ECF No. 39), and the motion is ready for disposition. For the reasons set for below, the Court will grant the motion.

## **Background**

On March 25, 2022, Plaintiff filed this pro se 42 U.S.C. § 1983 action against the Missouri Department of Mental Health ("MDMH"), the Forensic Treatment Center-South ("FTC-South"),[1] and various MDMH employees. (ECF No. 1). Plaintiff is currently confined at the FTC-South, pursuant to a plea of Not Guilty by Reason of Mental Disease or Defect. *See State v. Henderson*, No. 22051-03201 (22nd Jud. Circuit, State of Mo.) In his amended complaint, Plaintiff alleges that on February 18, 2011, MDMH staff forcibly medicated him, thereby violating his federal due process rights.[2] (ECF No. 7).

---

[1] The FTC-South, formerly known as the St. Louis Psychiatric Rehabilitation Center in St. Louis, is a State-owned mental health agency operated by the MDMH.

[2] Plaintiff also asserted a claim under the First Amendment based on Defendants' purported denial of his access to the courts, as well as a due process claim based on Defendants' alleged failure to follow the MDMH's grievance procedure. The Court previously determined that that these claims did not survive initial review under 28 U.S.C. § 1915. (ECF No. 8 at 22-24).

On June 13, 2023, following initial review under 28 U.S.C. § 1915, the Court entered an Order dismissing MDMH, FTC-South, and several individual defendants from the suit. The Court further dismissed Plaintiff's claims against the remaining individual defendants—Carter, Kiel, Roy Wilson, Douglas McCoy, and Jan Todd—in their official capacities. (ECF Nos. 8, 9).

On December 22, 2023, Defendants Carter and Kiel moved for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff's claims were barred by the applicable statute of limitations. (ECF Nos. 30, 31). In his response to the motion, Plaintiff requests that the Court "toll his time to file" based on the following:

> The [MDMH] claims that [Plaintiff] was mentally ill when he was forcibly and illegally drugged by Carter and Kiel. [MDMH] claims that [Plaintiff] is still mentally ill. [Plaintiff] was incarcerated in [MDMH] when he was illegally drugged by Carter and Kiel. [Plaintiff] is still incarcerated in [MDMH]…
>
> [Plaintiff] is and has been the victim of numerous retaliatory tactics, including but not limited to trying to deny him access to the courts and the intentional infliction of emotional distress. When [Plaintiff] originally tried to file this complaint, all of his papers were confiscated and kept for over two months. [Plaintiff] is and has been deterred in every possible way, from exposing the violation of prisoner's [sic] rights in [MDMH], including excessive and unlawful civil confinement.

(ECF No. 39 at 1-2).[3]

## **Legal Standard**

Under Rule 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon

---

[3] On November 15, 2023, Defendant Todd filed a two-page handwritten letter in which she states that she has not worked at the FTC-South since 2013 and that she was ordered to administer medication to Plaintiff "to prevent injury to [him]self and others." (ECF No. 21). On April 1, 2024, the Court entered a Memorandum and Order pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, directing Plaintiff to provide information that is adequate to permit service of process on Defendants Wilson and McCoy, and admonishing Plaintiff that failure to do so by April 19, 2024, would result in the dismissal of his claims against these defendants without prejudice. (ECF No. 32). Plaintiff has not provided any additional information and to date these defendants have not been served with process.

which relief can be granted." The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On a motion to dismiss, the Court accepts as true all of the factual allegations in the complaint. *Id.* at 555-56.

"Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). "A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." *Illig. v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (citing *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008)).

## **Discussion**

While section 1983 does not contain its own statute of limitations, section "1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011) (citation omitted). In Missouri, a plaintiff has five years within which to bring a personal-injury claim. *See* Mo. Rev. Stat. § 516.120(4). Here, Plaintiff brings his claims under section 1983, and all the facts alleged in his amended complaint occurred in Missouri. Thus, Plaintiff's claims are governed by a five-year statute of limitations. *See Sulik v. Taney Cnty. Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005) (applying Missouri's five-year statute of limitations for personal injury actions to plaintiff's section 1983 claims).

"Though state law governs the limitations period, 'the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law.'" *Brand v. City of Wentzville*, No. 4:20-cv-01758-SRC, 2022 WL 594513, at *3 (E.D. Mo. Feb. 28, 2022) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "Under federal law, such a claim accrues when the plaintiff has 'a complete and present cause of action.'" *Id.* (quoting *Wallace*, 549 U.S. at 388).

Based on the allegations set forth in the amended complaint, Plaintiff's claim accrued in February 2011, and the applicable statute of limitations expired in February 2016. Plaintiff contends, however, that Court should toll the limitations period. As the Court understands Plaintiff's response, he argues that equitable tolling is appropriate here because he has been diagnosed as mentally ill, and because MDMH staff has denied him access to the courts, in part by confiscating his papers for two months and by continuing to confine him in a mental health facility. The Court construes Plaintiff's latter argument to rely on the principle of equitable estoppel.

"For a § 1983 action, the issue of equitable tolling, like the underlying statute of limitations, is determined by reference to state law." *Montin v. Est. of Johnson*, 636 F.3d 409, 413 (8th Cir. 2011) (citing *Hardin v. Straub*, 490 U.S. 536, 539 (1989)). "Missouri law tolls statutes of limitations if the plaintiff was mentally incapacitated at the time the cause of action accrued." *Jessie*, 516 F.3d at 714-15 (citing Mo. Rev. Stat. § 516.170; "Missouri law is consistent with the federal standard that has emerged."). A plaintiff who seeks to toll the limitations period due to mental incapacity "must set forth facts which show that plaintiff was deprived of an ability to reason or was unable to understand and act with discretion in the ordinary affairs of life." *Kellog v. Kellog*, 989 S.W.2d 681, 685 (Mo. Ct. App. 1999). Thus, "[a] diagnosis of mental illness is not

4

enough to justify tolling without evidence that the illness actually prevented the plaintiff from complying with the deadline." *Jessie*, 516 F.3d at 714 (citation omitted).

Here, Plaintiff merely asserts that he was diagnosed as mentally ill by MDMH, and he fails to provide further detail as to how his diagnosed illness impacted his ability to appreciate the accrual of his cause of action and pursue legal recourse. On the contrary, Plaintiff's pleadings demonstrate his capacity to understand his legal rights and act upon them. The Court therefore finds that tolling is not appropriate on this ground.

The Court similarly finds Plaintiff's conclusory assertions that he was denied access to the courts insufficient to bar Carter and Kiel's affirmative defense on the grounds of equitable estoppel. "In Missouri, "[t]o apply the doctrine of equitable estoppel to bar a defendant's statute of limitations defense, the defendant must have acted affirmatively to induce the plaintiff to delay bringing the action.'" *Brand*, 2022 WL 594513, at *6 (E.D. Mo. 2022) (quoting *State ex rel. Beisly v. Perigo*, 469 S.W.3d 434, 441 (Mo. 2015)).

Plaintiff states that when he originally tried to file this complaint, all of his papers were confiscated and kept for over two months. However, Plaintiff initiated this suit in March of 2022, well beyond the expiration of the statute of limitations. Even if Plaintiff had filed this action in January of 2022, when he claims he originally attempted to do so, his claims would still be time-barred. Additionally, Plaintiff does not allege personal involvement by any of the remaining named defendants in the purported interference. The Court therefore finds no basis for tolling on this ground. *See id.* (plaintiff may invoke equitable estoppel if defendant's own acts of fraud caused plaintiff's untimeliness).

Plaintiff did not file his section 1983 action within five years after his right of action first accrued, and the Court finds no basis for tolling. Because the Court finds there is an insuperable

bar to relief, dismissal under Rule 12(b)(6) is appropriate and the Court will grant Defendants Cater and Kiel's motion to dismiss. *See Benton*, 524 F.3d at 870. The Court will also dismiss Plaintiff's claims against the remaining defendants. *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) ("Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under [section 1915] when it is apparent the statute of limitations has run."); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) (court shall dismiss case at any time if court determines that action fails to state a claim upon which relief may be granted).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants James Carter and Carol Kiel's Motion to Dismiss (ECF No. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED** as time-barred.

A separate Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of July, 2024.